**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**WILHY HARPO,**

**Plaintiff,**

**v.**                                             **1:13-cv-4118-WSD**

**CITY OF SANDY SPRINGS, et al.,**

**Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Magistrate Judge Clayton Scofield's Final Report and Recommendation ("R&R"), which recommends that this action be dismissed without prejudice for failure to obey a lawful Order of the Court [9].

## I.     BACKGROUND

On December 12, 2013, Plaintiff, proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* ("IFP") and a Complaint in which he asserted several state law claims, and alleged that the Defendants violated his constitutional rights in connection with his arrest at the Sandy Springs Municipal Courthouse. On February 14, 2014, Magistrate Judge Scofield granted the Plaintiff's IFP application, and ordered the Plaintiff to file an amended complaint because the

Plaintiff's Complaint failed to comply with federal pleading standards. The Magistrate Judge, *sua sponte*, found that Plaintiff's Complaint was an impermissible "shotgun" pleading because Plaintiff alleged more than 30 claims against 9 defendants, but failed to identify which claims were being asserted against which Defendants. The Magistrate Judge also found that it was impossible to determine which allegations supported which claims because Plaintiff provided 23 paragraphs of factual allegations that were not tied to any specific claims. The Magistrate Judge struck the Plaintiff's Complaint, and directed the Plaintiff to file an amended complaint within 14 days of entry of the R&R issued on February 14, 2014.

On February 28, 2014, Plaintiff moved for an extension of time to file his amended complaint. On March 7, 2014, Magistrate Judge Scofield granted the Plaintiff's Motion for an Extension of Time, and directed the Plaintiff to file an amended complaint on or before March 14, 2014. Plaintiff did not file an amended complaint on or before March 14, 2014. On March 28, 2014, Magistrate Judge Scofield issued his Final R&R, and recommended that this action be dismissed because the Plaintiff did not file an amended complaint on or before March 14, 2014. On April 8, 2014, Plaintiff filed his objections to the R&R. In his Objections to the R&R, Plaintiff seeks additional time to amend his objections and

complaint, and seeks reconsideration of the dismissal of his original complaint.

Plaintiff also seeks the appointment of counsel to represent him in this matter.

Plaintiff, however, did not object to the specific findings and recommendations in

the R&R.[1]

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo*

determination of those portions of the report or specified proposed findings or

---

[1] Liberally construing Plaintiff's *pro se* objections, the Court finds that Plaintiff did
not assert any specific objections to the findings and recommendations in the R&R.
See Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings
and recommendations of the magistrate [judge], a party must . . . file . . . written
objections which shall specifically identify the portions of the proposed findings a
recommendation to which objection is made and the specific basis for objection");
see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (in a § 2254
petition, "[p]arties filing objections to a magistrate's report and recommendation
must specifically identify those findings objected to.  Frivolous, conclusive, or
general objections need not be considered by the district court").  Plaintiff does not
articulate specific objections to the Magistrate Judge's findings and
recommendations, and does not bother to explain the reasons for seeking additional
relief not addressed in the R&R.

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  Plaintiff did not raise specific objections to any of the findings, conclusions or recommendations in the R&R, and the Court thus reviews them for plain error.

      B.    <u>Analysis</u>

Local Rule 41.3 provides that the Court may dismiss a civil case for want of prosecution if a plaintiff fails to obey a lawful Order of the Court.  L.R. 41.3 A.(2), N.D. Ga.  Plaintiff failed to comply with the deadline set by the Final R&R despite being given an extension of time, and after being admonished that if he failed to file an amended complaint by the required date, this action would be dismissed.  See id.  Because Plaintiff failed to obey a lawful Order of the Court, the Court finds no plain error in the Magistrate Judge's recommendation, and dismisses this action without prejudice.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Scofield's Final R&R is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant

to Local Rule 41.3 A.(2).

**SO ORDERED** this 15th day of May 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE